# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:23-cr-0064 |
| ) | |
| **KAMOY KING,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

**BEFORE THE COURT** are Defendant Kamoy King's ("King") Unopposed Motion to Continue Trial (ECF No. 32) and United States of America's ("the Government") Motion for Extension of Discovery Deadline (ECF No. 33). For the reasons stated herein, the Court will continue the trial in this matter until February 26, 2024, and extend discovery to December 8, 2023. The Court finds that the time beginning from the date of this Order through February 26, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated.

On January 9, 2023, the Government filed a Complaint charging King with violations of 8 U.S.C. § 1324(a)(1)(A)(i) and 18 U.S.C. § 2237(a)(1). On September 29, 2023, the Government filed an Information, charging King with violations of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2237(a)(1). King was arraigned on October 4, 2023. On October 18, 2023, King filed a Motion to Dismiss Counts 1-4 of the Information. On October 25, 2023, King waived his right to a speedy trial. In his motion to continue trial, King asserts that his attorney has prescheduled travel that conflicts with the trial date of November 20, 2023, and the motion to dismiss is outstanding. The Government asserts in its motion to extend discovery deadline that it is aware of one outstanding video footage from the incident, of which it informed King, and which it subpoenaed from the owner of the footage on October 26, 2023.

*United States v. King*
Case No. 3:23-cr-0064
Order
Page **2** of **3**

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A).

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *see United States v. Graves*, 722 F.3d 544 (3d Cir. 2013) ("The Act excludes periods of delay 'resulting from a continuance granted by a judge,' as long as the judge has found 'that the ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweighs the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow the parties sufficient time to complete discovery and prepare for trial. An extension is also necessary due to a prescheduled conflict of defense counsel. The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through February 26, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the Defendant's Unopposed Motion to Continue Trial, ECF No. 32, is hereby **GRANTED**; it is further

**ORDERED** that the Government's Motion for Extension of Discovery Deadline, ECF No. 33, is **GRANTED;** it is further

**ORDERED** that discovery **SHALL** be completed no later than December 8, 2023; it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than February 12, 2024; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than February 16, 2024, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than February 22, 2024;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for November 20, 2023, are **RESCHEDULED** to commence promptly at 9:00 A.M. on February 26, 2024, in St. Thomas Courtroom 1.

**Dated:** November 9, 2023             */s/ Robert A. Molloy*
                                       **ROBERT A. MOLLOY**
                                       **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.