## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:23-cr-0064 |
| | ) |
| **KAMOY KING,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

**BEFORE THE COURT** is the Government's Motion to Continue Trial and Exclude Time under the Speedy Trial Act. (ECF No. 45.) The Government asserts that Defendant Kamoy King ("King") opposes the motion. For the reasons stated herein, the Court will continue the trial in this matter until April 15, 2024. The Court finds that the time beginning from the date of this Order through April 15, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated.

On December 19, 2023, the Government filed an Indictment charging King with four counts of violations of 8 U.S.C. § 1324(a)(2)(B)(iii) (Bringing Aliens to the United States). King was arraigned on December 27, 2023. The Government asserts that its material witness, BP Agent Lowitzer, is an eyewitness to the alien smuggling at issue and is not available the week of February 26, 2024, because he will be attending his brother's wedding as the best man from February 27 to March 3, 2024. The Government considered calling BP Agent Sadler to testify to avoid delay, but he will be in Costa Rica from February 16 to March 8, 2024, for a Border Patrol Tactical Training, and even if he were available, BP Agent Sadler cannot substitute BP Agent Lowitzer's testimony because he was not observing the bay through the specialized scope which BP Agent Lowitzer was using.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on

the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *see United States v. Graves*, 722 F.3d 544 (3d Cir. 2013) ("The Act excludes periods of delay 'resulting from a continuance granted by a judge,' as long as the judge has found 'that the ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'"); *United States v. Hamilton*, 46 F.3d 271, 277 (3d Cir. 1995) ("where a witness is unquestionably important to the prosecution's case, and the government has a good faith belief that it will use that witness's testimony at trial, the district court may treat that witness as 'essential' for Speedy Trial Act purposes").

The Court finds that the Government has established good cause for the granting of a continuance. The Court also finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow the Government to present testimony of its material witness. The premises considered, it is hereby

**ORDERED** that the Government's Motion to Continue Trial and Exclude Time under the Speedy Trial Act, ECF No. 45, is hereby **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through April 15, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than April 5, 2024, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

*United States v. King*
Case No. 3:23-cr-0064
Order
Page **3** of **3**

**ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than April 10, 2024;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for February 26, 2024, are **RESCHEDULED** to commence promptly at 9:00 A.M. on April 15, 2024, in St. Thomas Courtroom 1.

**Dated:** February 12, 2024               /s/ *Robert A. Molloy*
                                            **ROBERT A. MOLLOY**
                                            **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.