# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:23-cr-0064 |
| | ) |
| **KAMOY KING,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

**BEFORE THE COURT** is Defendant's Application and Checklist or Speedy Trial Extension. (ECF No. 60.). For the reasons stated herein, the Court will continue the trial in this matter until July 8, 2024. The Court finds that the time beginning from the date of this Order through July 8, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated.

On December 19, 2023, the Government filed an Indictment charging the Defendant with four counts of violations of 8 U.S.C. § 1324(a)(2)(B)(iii) (Bringing Aliens to the United States). The Defendant was arraigned on December 27, 2023. On February 12, 204, the Court continued the jury selection and trial to April 15, 2024. On March 28, 2024, Defendant's counsel moved to withdraw from representing Defendant. On April 3, 2024, the motion was granted, and a new counsel appointed to represent Defendant. Defendant seeks an extension until July 26, 2024 and asserts that the reason for the extension is to allow him to meet with his new attorney, discuss the discovery and prepare for trial and explore plea options.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *see United States v. Graves*, 722 F.3d 544 (3d Cir. 2013) ("The Act excludes periods of delay 'resulting from a continuance granted by a judge,' as long as the judge has found 'that the ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'"); *United States v. Stallings*, 701 F. App'x 164, 170 (3d Cir. 2017) (explaining that "an 'ends of justice' continuance may be granted 'in appropriate circumstances to permit plea negotiations to continue,' and to allow new counsel sufficient time to prepare his case") (citation omitted).

The Court finds that Defendant has established good cause for the granting of a continuance. The Court also finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow Defendant to meet with newly appointed counsel, discuss the discovery, explore plea options and prepare adequately for trial. The premises considered, it is hereby

**ORDERED** that Defendant's Application and Checklist or Speedy Trial Extension, ECF No. 60, is hereby **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through July 8, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a notice of readiness for trial and pre-trial brief no later than June 28, 2024, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

*United States v. King*
Case No. 3:23-cr-0064
Order
Page **3** of **3**

  **ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than July 3, 2024;[1] and it is further

  **ORDERED** that the Jury Selection and Trial in this matter previously scheduled for April 15, 2024, are **RESCHEDULED** to commence promptly at 9:00 A.M. on July 8, 2024, in St. Thomas Courtroom 1.

**Dated:** April 25, 2024           */s/ Robert A. Molloy*
                   **ROBERT A. MOLLOY**
                   **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.