IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cr-0064 |
| | ) | |
| KAMOY KING, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**BEFORE THE COURT** is the Government's unopposed Motion to Continue Trial Date and Toll Time under the Speedy Trial Act. (ECF No. 64.)  For the reasons stated herein, the Court will continue the trial in this matter until September 9, 2024. The Court finds that the time beginning from the date of this Order through September 9, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated.

On September 1, 2023, the Government filed a complaint charging Defendant with violations of 8 U.S.C. § 1324(a)(1)(A)(i) (Alien Smuggling) and 18 U.S.C. § 2237(a)(1) (Failure to Heave To). On September 29, 2023, the Government filed an Information, charging Defendant with violations of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2237(a)(1). On December 19, 2023, an Indictment was returned charging Defendant with four counts of Bringing Aliens to the United States, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii), and one count of Failure to Heave, in violation of 18 U.S.C. § 2237(a)(1). Defendant was arraigned on December 27, 2023.

The Government seeks a continuance because its case relies heavily on the testimony of a material witness, Nilda Heredia ("Heredia"), who is currently unreachable, after the U.S. Office of Probation reported on March 22, 2024, that she was no longer residing with her appointed third-party custodian. According to the Government, multiple contacts by the probation officer in New Jersey to contact her have been unsuccessful. The Government requests an additional 60 days to locate and secure Heredia's testimony.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Green*, No. CRIM.A. 08-44, 2011 WL 1877299, at *5 (E.D. Pa. May 16, 2011), aff'd, 516 F. App'x 113 (3d Cir. 2013) (finding that a delay needed for the Government to secure a witness was excludable from the Speedy Trial Act calculation under "18 U.S.C. § 3161(h)(3)(A) (excluding '[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness')").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow the Government to secure the attendance of its material witness at trial. The premises considered, it is hereby

**ORDERED** that the Government's Motion to Continue Trial Date and Toll Time under the Speedy Trial Act, ECF No. 64, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through September 9, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than August 30, 2024; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than August 30, 2024, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

*United States v. King*
Case No. 3:23-cr-0064
Order
Page **3** of **3**

   **ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than September 4, 2024;[1] and it is further

   **ORDERED** that the Jury Selection and Trial in this matter previously scheduled for July 8, 2024, are **CONTINUED** to commence promptly at 9:00 A.M. on September 9, 2024, in St. Thomas Courtroom 1.


**Dated:** June 27, 2024        /s/ *Robert A. Molloy*
                 **ROBERT A. MOLLOY**
                 **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.